RAWLS, Judge.
The sole question posed by this appeal is as follows: Is a fuel adjustment charge which was imposed prior to October 1, 1973, subject to municipal, tax pursuant to Florida Statute 166.231 (1) (b) (1974)? The trial judge granted a partial summary judgment holding that the City of Jacksonville could not place a municipal tax on any of its fuel adjustment charge, including that portion of the fuel adjustment charge which was levied by the City prior to October 1, 1973. Based on the clear language of Florida Statute 166.231(1) (b) (1974), we reverse.
The facts are not in dispute. In 1973, the Florida legislature authorized municipalities to collect from its customers a tax not to exceed 10 percent to be imposed on the purchase of electrical and certain other municipal services.[1] Pursuant to this legislative authority, the City of Jacksonville imposed a 10 percent tax on the purchase of electrical services made by customers within the corporate city limits of the City of Jacksonville.[2] On May 31, 1974, the Florida legislature enacted Chapter 109 of the Laws of Florida, 1974, which amended Florida Statute 166.231. The applicable portions of this act are as follows:
“Section 1. Subsection 166.231(1), Florida Statutes, 1973, is amended to read:
“166.231 Municipalities; public service tax.—
“(1) A municipality may levy a tax on the purchase of electricity, metered or bottled gas (natural liquefied petroleum gas or manufactured), water service, telephone service, telegraph service, and cable television service. The tax shall be levied only upon purchases within the municipality and shall not exceed ten (10) percent of the payments received by the seller of the taxable item from the purchaser for the purchase of such service.
“Section 2. The tax imposed by subsection 166.231(1), Florida Statutes, shall not be applied against any fuel adjustment charge, and such charge shall be separately stated on each bill. ‘Fuel adjustment charge’ shall mean all increases in the cost of utility services to the ultimate consumer resulting from an in *192 crease in the cost of fuel to the utility-subsequent to October 1, 1973.
“Section 3. This act shall take effect July 1, 1974 and the exemption granted herein for the fuel adjustment charge shall apply only to utility bills rendered after that date.”
Effective July 1, 1974, pursuant to the dictates of the legislature, the City of Jacksonville ceased imposing upon its customers the 10 percent tax on that portion of their electrical bill which was attributable to any fuel adjustment charge which had been imposed by the City after October 1, 1973. Appellees filed suit contending that Chapter 74-109, Laws of Florida prohibited the City from imposing a tax on any portion of their electrical bill which was attributable to the fuel adjustment charge. The trial judge agreed with ap-pellees, and this appeal ensued.
Chapter 109 of the Laws of Florida as enacted by the 1974 Legislature is without ambiguity, and clearly expresses the legislative intent that only that portion of the fuel adjustment charge which was imposed after October 1, 1973, is exempt from a municipal tax. Section 2 of Chapter 74— 109, Laws of Florida,[3] explicitly states that a tax shall not be imposed on a fuel adjustment charge. The next sentence then defines a fuel adjustment charge as “all increases in the cost of utility services to the ultimate consumer resulting from an increase in the cost of fuel to the utility subsequent to October 1, 1973.” (Emphasis supplied.) The language of this statute is so clear that the Court cannot indulge in any statutory interpretation. The only proper function of this Court is to effectuate the clear legislative intent.[4]
The judgment appealed is reversed.
BOYER, C. J„ and McCORD, J., concur.

. Florida Statute 166.231(1) (1973) states: “(l)(a) A municipality may levy a tax on the purchase of electricity, metered or bottled gas (natural liquefied petroleum gas or manufactured), water service, telephone service, telegraph service, and cable television service. The tax shall be only upon purehases within the municipality and shall not exceed 10 percent of the payments received by the seller of the taxable item from the purchaser for the purchase of such service.”

. Jacksonville Municipal Code § 806.101.

. Florida Statute 166.231(1) (b) (1974).

. Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918); and Wagner v. Botts, 88 So.2d 611 (Fla.1956).